UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERLENE STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 14-861 |
| ) | |
| BOARD OF EDUCATION OF ) | **FILED** |
| KENT COUNTY, ) | |
| ) | OCT 0 8 2014 |
| Defendant. ) | |
| ) | Clerk, U.S. District & Bankruptcy |
| ) | Courts for the District of Columbia |

## MEMORANDUM

Before the Court is defendant's Motion to Dismiss, May 23, 2014, ECF No. 1-4. Upon consideration of defendant's motion, plaintiff's opposition, ECF No. 5, defendant's reply, ECF No. 7, applicable law, and the record in this case, the Court will GRANT defendant's motion to dismiss and will DISMISS plaintiff's claims.

I.     BACKGROUND

Plaintiff Sherlene Stevens ("Stevens") filed the instant action against the Board of Education of Kent County ("the Board") in the Superior Court of the District of Columbia on April 28, 2014. Compl. While plaintiff's claim is not entirely clear from the pleadings, she explicitly alleges a breach of contract and requests damages of $4.5 million. *Id.* The Board removed the action to this Court. ECF No. 1. The Board now argues that this Court must dismiss her Complaint for lack of personal jurisdiction, improper venue, and under principles of

sovereign immunity as dictated by the Eleventh Amendment of the United States Constitution. Def.'s Mot. Dismiss 2; Def.'s Reply to Pl.'s Response to Mot. Dismiss 3–4.[1]

## II. Personal Jurisdiction

### A. Legal Standard

On a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008). The "[p]laintiff must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations." *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) (citations omitted).

To assert personal jurisdiction over a non-resident defendant, service of process must be authorized by statute and must comport with the Due Process Clause of the Fourteenth Amendment. *Cohane v. Arpeja–California, Inc.*, 385 A.2d 153, 158 (D.C. 1978). The District of Columbia's long-arm statute extends as far as the Due Process Clause allows, so the Court need only consider whether exercising personal jurisdiction over the defendant in this case would comport with due process. *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) ("Because we have interpreted these words to provide jurisdiction to the full extent allowed by the Due Process Clause[,] the statutory and constitutional jurisdictional questions, which are usually distinct, merge into a single inquiry." (quotations omitted)).

Personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (citations omitted). A court's jurisdiction over a defendant satisfies due

---

[1] The Board also alleges the suit must be dismissed under Federal Rule 12(b)(6), Mot. Dismiss 1, but does not elaborate. Regardless, the Court finds it unnecessary to reach this issue.

2

process when there are "minimum contacts," *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) between the defendant and the forum "such that he should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

**B. Analysis**

Stevens has not alleged *any* contacts that the Board maintains within the District of Columbia, not to mention that the Board has purposefully availed itself of the privilege of conducting activities within the District. As a basis for personal jurisdiction, she argues only that she receives Social Security income from the District's Social Security Administration region. Pl.'s Response to Def.'s Mot. Dismiss 2. However, plaintiff's contact with the District of Columbia is not relevant to the defendant's contacts with the District. Therefore, Stevens' complaint must be dismissed because this Court lacks jurisdiction over the Board.

**III. Venue**

**A. Legal Standard**

When presented with a motion to dismiss for improper venue under Federal Rule 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff

usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).

Where, as here, the district court's jurisdiction "is founded only on diversity of citizenship," a civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *Kissi v. Panzer*, 664 F. Supp. 2d 120, 125 (D.D.C. 2009) (citing 28 U.S.C. § 1391(a)(2006)).

**B. Analysis**

Defendant does not "reside" in the District of Columbia, and the events giving rise to the plaintiff's claims seem to have occurred entirely in Maryland. As already discussed, this Court lacks personal jurisdiction over defendant. On this record, the Court must conclude that venue in this district is improper.

Where venue is improper the Court has the option of transferring the action to the proper venue if doing so would be in the interest of justice, or dismissing the action. 28 U.S.C. § 1406 (2006).[2] The Court concludes that because the Board is entitled to sovereign immunity, no meaningful purpose would be served by transferring this action and it will therefore be dismissed.

---

[2] This is true even where a court lacks personal jurisdiction over a defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

4

## IV. Eleventh Amendment Immunity

### A. Legal Standard

Under the doctrine of sovereign immunity, the United States is immune to suit unless the United States explicitly consents to being sued. *United States v. Mitchell*, 445 U.S. 535, 538, (1980). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." It has long been settled that the reference to actions "against one of the United States" encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Thus, "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Id.* (internal quotations omitted). This is true absent clear waiver by the state. *FDIC v. Meyer*, 510 U.S. 471, 474 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "A party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity." *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003). *See also Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (noting that "a plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss").

## B. Analysis

Maryland's county school boards have long been considered state agencies. *Bd. of Educ. of Baltimore Cnty. v. Zimmer-Rubert*, 409 Md. 200, 206 (2009). *See Lewis v. Bd. of Educ. of Talbot Cnty.*, 262 F. Supp. 2d 608, 612 (D. Md. 2003) (finding, after thorough analysis of the school district's role as well as legal precedent, that "county school boards of Maryland are entitled to sovereign immunity"); *State v. Bd. of Educ.*, 346 Md. 633, 635 n.1 (1997) ("The various county boards of education are State agencies."); *Board v. Secretary of Personnel*, 317 Md. 34, 44 n.5 (1989) ("It is settled that county boards of education are State agencies."); *Norville v. Bd. of Educ.*, 160 Md. App. 12, 35–62 (2004) (holding the Anne Arundel Board of Education is an arm of the State for purposes of Eleventh Amendment immunity), *vacated on other grounds*, 390 Md. 93 (2005).

Because the Board, as an agent of the state, is entitled to Eleventh Amendment immunity, Stevens may only bring a claim against the Board if the state has clearly waived this protection. "As the Supreme Court has often observed, waiver of sovereign immunity must be 'unequivocally expressed in the statutory text' and 'strictly construed, in terms of its scope, in favor of the sovereign.'" *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003) (citing *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). To constitute a valid Eleventh Amendment immunity waiver, a statute must waive the immunity "by the most express language or by such overwhelming implications from the text [of the statute] as will leave no room for any other reasonable construction." *Edelman v. Jordan*, 94 S. Ct. 1347, 1361 (1974) (alteration and internal quotation marks omitted).

Stevens does not even address the Board's assertion of Eleventh Amendment immunity, so she certainly does not prove a waiver of that immunity. Still, the Board points to § 12-201 of the State Government Article of the Annotated Code of Maryland, which states:

> Except as otherwise provided by a law of the State, the State, its officers, and its units may not raise the defense of sovereign immunity in a contract action, in a court of the State, based on a written contract that an official or employee executed for the State or one of its units while the official or employee was acting within the scope of the authority of the official or employee.

Md. Code Ann. State Gov't, § 12–201. This statute does not demonstrate a clear waiver of immunity in this case. The action at hand was brought in the Superior Court for the District of Columbia rather than in a Maryland state court, and furthermore, there is no evidence that the suit is based on a written contract. *See Gilliland v. Bd. of Educ. of Charles Cnty.*, No. 12-1628, 2013 WL 1777507, at *2 (4th Cir. Apr. 26, 2013) (finding this section did not waive sovereign immunity where suit was not brought in a state court or based on a written contract); *Kess v. Maryland*, Civ. H-00-3134, 2001 WL 85179 (D. Md. Jan. 29, 2001) (noting that "the waiver in question applies only to an action brought in a state court").

Because the Board is a state agent entitled to sovereign immunity and Stevens has not demonstrated a waiver of immunity, the Court must grant the Board's motion to dismiss.

V. **CONCLUSION**

For the foregoing reasons, the defendant's Motion to Dismiss is GRANTED, and plaintiff's claims are DISMISSED. A separate order consistent with this Opinion shall issue on this 7th day of October, 2014.

Signed October 7, 2014 by Royce C. Lamberth, United States District Judge.